# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA L. LEARY,<br>   **Plaintiff** | No. 3:08cv1720 |
| | (Judge Munley) |
| v. | |
| | (Magistrate Judge Mannion) |
| JOSEPH J. RUSCAVAGE,<br>MARK A. NENICHKA,<br>JOSEPH C. JUNE, Jr.,<br>MICHAEL A. PERHACH,<br>THOMAS J. SEMANEK, Jr.,<br>SWOYERSVILLE BOROUGH ZONING<br>BOARD, and<br>SWOYERSVILLE BOROUGH,<br>   **Defendants** | |

## **MEMORANDUM**

Before the court are plaintiff's objections to the report and recommendation of Magistrate Judge Malachy E. Mannion, which proposes that the court grant in part and deny in part defendants' motion to dismiss the plaintiff's complaint. Having been briefed, the matter is ripe for disposition.

**Background**

This case arises out of plaintiff's attempts to operate a hair-styling business in Defendant Swoyersville Borough, Pennsylvania. The plaintiff's parents, Joseph and Deborah Leary, purchased the property in question in July 1999. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 12). The property is presently improved with a beauty salon, Jade Salon & Co., operated by the plaintiff. (Id. at ¶ 13). Before plaintiff

began using the property, it was occupied and used as a floral shop and greenhouse. (Id. at ¶ 14). This commercial use of the property was never abandoned after plaintiff's parents purchased the floral shop. (Id. at ¶ 15). Joseph Leary used the property to benefit his construction company after he purchased it. (Id. at ¶ 16). The Borough's zoning regulations acknowledge that the property is a "pre-existing, non-conforming . . . commercial retail outlet." (Id. at ¶ 17).

Joseph Leary received a permit from Swoyersville Borough in August 1999 for the purpose of construction and improvement of the property as a beauty salon. (Id. at ¶ 18). He received another such permit in October 1999. (Id. at ¶ 19). Leary received similar permits in June 2000, October 2002 and September 2003. (Id. at ¶¶ 20-22). Any improvements to the property were executed pursuant to these permits. (Id. at ¶ 23). Joseph Leary spent more than $50,000 improving the property. (Id. at ¶ 24).

Plaintiff operated her hair-salon business without objection from the Borough or its officials for approximately six months. (Id. at ¶ 25). On April 4, 2004, Defendant Jospen Ruscavage was appointed as Zoning Officer in the Borough, even though he had no training or knowledge of the Swoyersville zoning regulations. (Id. at ¶ 26). Ruscavage had never undertaken an enforcement proceeding before he instituted an action against plaintiff. (Id. ¶ at 27). On August 29, 2007, Ruscavage saw an advertisement for plaintiff's salon in the Citizen's Voice, a local newspaper. (Id. at ¶ 28). He sent plaintiff correspondence, directing her to "'cease and desist'"

2

operations of her business, even though she is not the owner of the property. (Id. at ¶¶ 28-29). Ruscavage instituted these proceedings, even though he knew that Joseph Leary had obtained building permits for the salon and that the salon business had been in operation for six months before he brought the action. (Id. at ¶ 30). Plaintiff alleges that this enforcement notice is in violation of the Pennsylvania Muncipalities Code, 53 P.S. § 10616.1(b), since it was not sent to the owner of the building and did not state the name of the owner of record. (Id. at ¶¶ 31-32). Plaintiff further alleges that this notice violated Pennsylvania law because it did not state a specific violation, did not describe which provisions of the zoning ordinance had been violated, failed to provide a date by which the alleged violations must be rectified, and did not inform plaintiff that she had a right to appeal. (Id. at ¶¶ 33-36).

Plaintiff appealed this enforcement notice to Defendant Swoyersville Borough Zoning Board on September 21, 2007. (Id. at ¶ 37). The Board held a hearing on October 18, 2007. (Id. at ¶ 38). According to plaintiff, the burden of providing evidence of violations at this hearing lay with Defendant Ruscavage. (Id.). At this hearing, all of the violations Ruscavage alleged were placed on the record, as were the permits the Borough had issued to plaintiff's father during the construction of her salon. (Id. at ¶¶ 39-40). Testimony at the hearing also established that construction of the salon had cost more than $50,000. (Id. at ¶ 41). Testimony likewise demonstrated that the property had established status as a registered, pre-existing non-conforming use as a floral shop and greenhouse, construction company and

3

salon continuously for years preceding the enforcement action. (Id. at ¶ 42). No complaints had been received about the salon business before Ruscavage took action. (Id. at ¶ 43). The commercial use of the property had been abandoned or made more restrictive during the period since Leary's father purchased it. (Id. at ¶ 44). Testimony at the hearing established that members of the Zoning Hearing Board had communicated with Ruscavage, even though they were tasked with serving as unbiased adjudicators for the enforcement proceeding. (Id. at ¶ 45).

Ruscavage testified at the hearing that he had consulted with Frank J. Aritz, solicitor for the Zoning Hearing Board, when he drafted the enforcement notice. (Id. at ¶ 46). Plaintiff contends that this consultation violated Pennsylvania law. (Id.). Further, Aritz conducted the direct examination of Ruscavage at the hearing and simultaneously made objections to cross-examination and ruled on those objections. (Id, at ¶¶ 48-49). Plaintiff contends that the board also followed improper procedure by forcing her to present her case first. (Id. at ¶ 50). Other evidence at the hearing revealed that the previous zoning officer had confirmed that plaintiff's father possessed all necessary permits for the property. (Id. at ¶ 51). At the conclusion of the hearing the Zoning Hearing Board adjourned without voting or rendering a decision. (Id. at ¶ 52).

Following this hearing, Aritz wrote to plaintiff's attorney requesting additional documentation, including Joseph Leary's business license and plaintiff's

4

"cosmetology license." (Id. at ¶ 53). Aritz threatened to issue a formal subpoena if plaintiff did not provide these documents. (Id. at ¶ 54). The correspondence indicated that this demand had been made by the Chairman of the Zoning Hearing Board, Defendant Nenichka, after the close of the hearing. (Id. at ¶ 55). The Board reconvened on December 19, 2007 and issued a public decision that supported the original enforcement notice. (Id. at ¶ 58).

Plaintiff filed the instant complaint on September 17, 2007. Brought pursuant to 42 U.S.C. § 1983, the complaint alleges that defendants violated plaintiff's rights pursuant to the Fourteenth Amendment of the United States Constitution in a variety of ways.[1] Plaintiff alleges that the defendants violated her substantive and procedural due process rights in bringing the enforcement action against her. (Id. at § 57). Moreover, she contends that the Zoning Hearing Board acted in an arbitrary and capricious manner that shocked the conscience in affirming the enforcement notice. (Id. at § 59).

After service of the complaint, defendants filed a motion to dismiss. (Doc. 15). The parties briefed that motion, and Magistrate Judge Mannion issued a report and recommendation that proposed dismissing some of the plaintiff's complaint and allowing other portions to go forward. Magistrate Judge Mannion found that defendants' motion to dismiss plaintiff's claim for punitive damages against the

---

[1]The complaint is not, unfortunately, divided into discreet counts alleging a particular violation in each count.

5

municipality was moot, since plaintiff's seeks punitive damages only against the individual defendants. He also concluded that quasi-judicial immunity protected the members of the zoning hearing board from suit for their actions in deciding plaintiff's appeal, but found that such immunity did not apply to actions allegedly taken by Board members outside the context of that decision. Magistrate Judge Mannion further found that plaintiff's procedural due process claim should be dismissed, but that plaintiff had alleged facts sufficient to support a substantive due process claim. Plaintiff filed objections to the report and recommendation. The parties briefed the issue, bringing the case to its present posture.

**Jurisdiction**

Because the plaintiff brings this complaint pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to

6

the magistrate judge with instructions. Id.

The case is before this court in part on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

The plaintiff objects to the magistrate judge's conclusion that the members of the Zoning Hearing Board are entitled to absolute judicial immunity for their conduct during plaintiff's appeal of the enforcement action against her.[2] Plaintiff argues that the Zoning Hearing Board acted as zoning officers during this hearing, and that this conduct was not judicial in nature. She points to allegations in her complaint that the Zoning Hearing Board's solicitor improperly conducted the direct examination of the

---

[2]Plaintiff does not object to any other portion of the report and recommendation, and defendants have not filed any objections. As such, the court reviews those portions of the report that face no objection to determine whether a review of the record evidences plain error or manifest injustice. See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1). After a careful review, the court finds no clear error or manifest injustice and will adopt those portions of the report to which no objection has been lodged.

7

Zoning Officer and simultaneously made objections to questions on cross-examination and ruled on those objections. Both the Board and the Solicitor also improperly assigned the burden of proof during the hearing to the plaintiff. All of this conduct indicates that the Board acted as prosecutor during the hearing, a non-judicial role and thus not subject to immunity.

Courts have concluded that some government officials enjoy a quasi-judicial immunity from suit. This doctrine holds that "government actors whose acts are relevantly similar to judging are immune from suit." Dotzel v. Ashbridge, 438 F.3d 320, 325 (3d Cir. 2006). Thus, "if a state official must walk, talk, and act like a judge as part of his job, then he is as absolutely immune from lawsuits arising out of that walking, talking, and acting as are judges who enjoy the title and other formal indicia of office." Id.

The Third Circuit Court of Appeals has concluded that a zoning hearing board acted in a quasi-judicial capacity in denying a conditional-use permit. See Omnipoint Corp. v. Zoning Hearing Bd, 181 F.3d 403, 409 (3d Cir. 1999). The Circuit Court has also concluded in broad fashion that Zoning Hearing Board members have immunity for their decisions. In Dotzel, the Court noted that three factors determine whether a job function is quasi-judicial:

> First, does a Board Member, like a judge, perform a traditional 'adjudicatory' function, in that he decides facts, applies law, and otherwise resolves disputes on the merits (free from direct political influence)? Second, does a Board member, like a judge, decide cases sufficiently controversial that in the absence of absolute immunity, he would be subject to numerous damages actions? Third, does a Board member, like a judge, adjudicate disputes

8

> against a backdrop of multiple safeguards designed to protect [the parties'] constitutional rights?

Doetzel, 438 F.3d at 325.

Here, plaintiff focuses on three specific allegations from her complaint, contained in paragraphs 48, 49, 50. The first allegation is that Defendant Aritz, the solicitor for the Board, conducted the direct examination of Defendant Ruscavage at the Zoning Hearing Board proceeding. (See Complt. at ¶ 48). Second, plaintiff alleges that during the hearing the solicitor made objections to cross-examination and ruled on those objections. (Id. at ¶ 49). Third, plaintiff contends that during the hearing the defendants violated plaintiff's rights under Pennsylvania law by expressing that the burden of proof lay with her in the appeal. Plaintiff does not cite to any case law that supports the proposition that these actions vitiate the quasi-judicial immunity usually afforded zoning hearing boards in these settings.

The court agrees with the Magistrate Judge that the defendants are entitled to quasi-judicial immunity for their actions during plaintiff's appeal of the enforcement action. Plaintiff's complaint here is three-fold: that the Board erred in allowing the solicitor to question the enforcement officer; that the Board erred in allowing the solicitor both to raise objections and to rule on them; and that the Board applied the wrong standard of proof. Such objections are all proper subjects for an appeal of the Board's decision, but even if proved they would not transform the actions and functions of the board members during the appeal into something besides judicial ones. In determining whether quasi-judicial immunity applies, "[t]he inquiry goes to

9

the official's job function, as opposed to the particular act of which the plaintiff complains. Thus the relevant decisional material will be the legal and structural components of the job function, as opposed to detailed facts about specific acts and mental states." Dotzel, 438 F.3d at 325. The function of the zoning hearing board in this context was to render a decision based on the relevant zoning ordinances. Such actions are judicial in nature, and failing to provide immunity here would open Zoning Board members to suit every time they render a decision against an appellant. The availability of review in state court also insures that plaintiff has an avenue to press her complaint about the particular decision. See 53 P.S. § 11002-A. As such, the magistrate judge properly concluded that the defendants were entitled to immunity for their actions in the hearing. The court will overrule the plaintiff's objections on this point.

**Conclusion**

For the reasons stated above, the court will overrule the plaintiff's objections and adopt the report and recommendation. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA L. LEARY, | : | No. 3:08cv1720 |
|       Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | (Magistrate Judge Mannion) |
| JOSEPH J. RUSCAVAGE, | : | |
| MARK A. NENICHKA, | : | |
| JOSEPH C. JUNE, Jr., | : | |
| MICHAEL A. PERHACH, | : | |
| THOMAS J. SEMANEK, Jr., | : | |
| SWOYERSVILLE BOROUGH ZONING | : | |
| BOARD, and | : | |
| SWOYERSVILLE BOROUGH, | : | |
|       Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 11th day of August 2009, the plaintiff's objections (Doc. 33) to the report and recommendation of Magistrate Judge Malachy E. Mannion (Doc. 32) are hereby **OVERRULED**. The report and recommendation is hereby **ADOPTED**. The defendants' motion to dismiss is **DENIED** in part and **GRANTED** in part, as followed:

1) Defendants' motion to dismiss plaintiff's claim for punitive damages against the municipality is **DENIED AS MOOT**. Plaintiff has affirmed that she does not seek punitive damages against the municipality;

2) The claims against the members of the Zoning Hearing Board are

**DISMISSED** insofar as they relate to actions taken in connection with plaintiff's appeal of the zoning officer's decision. Such conduct is temporally bounded by the date that the plaintiff filed her appeal and the date the Board rendered its decision;

3) The motion is **DENIED** as it relates to correspondence allegedly running between the Board or Defendant Nenichka through the Board's attorney to plaintiff and others seeking business licenses and cosmetology licenses and any threats to issue a subpoena against plaintiff in regard to that material;

4) The motion is **GRANTED** with respect to plaintiff's procedural due process claim; and

5) The motion is **DENIED** with respect to plaintiff substantive due process claim.

The Clerk of Court is directed to **REMAND** the case to Magistrate Judge Mannion for further proceedings consistent with this opinion.

                                                **BY THE COURT**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**